**F I L E D**

UNITED STATES COURT OF APPEALS

**MAY 30 2001**

FOR THE TENTH CIRCUIT

GREG BRUMLEY,

          Petitioner-Appellant,

v.

CHARLES E. SIMMONS, Kansas
Secretary of Corrections; MICHAEL
A. NELSON, Warden, El Dorado
Correctional Facility; CARLA
STOVALL, Attorney General
of Kansas,

          Respondents-Appellees.

No. 00-3290
(D.C. No. 97-CV-3161-DES)
(D. Kan.)

ORDER AND JUDGMENT   *

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Greg Brumley appeals from the district court's orders denying both his petition for a writ of habeas corpus and his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  This matter comes before us on Mr. Brumley's application for a certificate of appealability (COA).

In order to receive a COA, petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner meets this standard if he shows that his constitutional issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings."  *United States v. Sistrunk*, 111 F.3d 91, 91 (10th Cir. 1997).

Mr. Brumley brought this habeas proceeding after his probation was revoked in Kansas state court.  He raises issues pertaining to both the underlying criminal case from which the probation resulted, and the revocation proceedings.

In support of his application for a COA, Mr. Brumley raises the following issues:  (1) whether the state breached its plea agreement with him in the underlying case; (2) whether revocation of his probation was based on an inaccurate picture of his behavior due to (a) denial of Mr. Brumley's rights under Kansas' law of self-defense; (b) false testimony that was not impeached because

of withheld exculpatory evidence; (c) denial of his right to confrontation of witnesses; and (d) defense counsel's ineffectiveness in failing to enforce the subpoena for exculpatory evidence and to investigate the crime scene; (3) whether there was insufficient evidence that he committed the assault alleged in the probation revocation notice; (4) whether exculpatory evidence was wrongfully withheld, resulting in a denial of Due Process and his right to confrontation; (5) whether a probation condition prohibiting him from having contact with men under the age of twenty-one violated his First Amendment rights or the Equal Protection Clause; (6) whether he was given proper notice of the grounds on which his probation was revoked; and (7) whether his counsel was constitutionally ineffective both at sentencing for the underlying offense and in connection with the revocation proceeding.

Upon careful consideration of Mr. Brumley's brief and the record, we deny COA for substantially the same reasons articulated in the district court's orders of May 26, 2000 and July 11, 2000.

Mr. Brumley's application for a COA is DENIED. This appeal is DISMISSED.


Entered for the Court


Wade Brorby
Circuit Judge